UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ABAYOMI AKINLEYE,

                Plaintiff,

     - against -

ADMINISTRATION OF CHILD SERVICES,
et al.,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
22-CV-449 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

On January 24, 2022, Plaintiff Abayomi Akinleye, proceeding *pro se*, filed the above-captioned action against the State of New York, the "Administration for Child[ren's] Services"[1] ("ACS"), and an employee of ACS, Sergeant Juana Morales-Isley, regarding sexual harassment and race-based discrimination by Defendant Morales-Isley. On February 23, 2022, Plaintiff filed an amended complaint, which is now the operative pleading. Plaintiff seeks damages and has paid the filing fee to commence this action. For the reasons explained below, Defendant State of New York is dismissed. The case may proceed against Defendants ACS[2] and Morales-Isley.

---

[1] ACS is an agency of New York City that "protects and promotes safety and well-being of New York City's children and families by providing child welfare, juvenile justice, and early care and education services." NYC Children, *About ACS*, https://www1.nyc.gov/site/acs/about/about.page (last visited Mar. 18, 2022).

[2] The Court notes that, as an agency of New York City, ACS is non-suable. *Thomas v. Adm'r of Children's Servs.*, No. 21-CV-47 (MKB), 2021 WL 493425, at *2 (E.D.N.Y. Feb. 10, 2021). Accordingly, a claim against ACS may be susceptible to dismissal for failure to state a claim. *Id.* However, because Plaintiff has paid the filing fee and is not proceeding *in forma pauperis*, the Court, at this juncture, may *sua sponte* dismiss claims only for lack of subject matter jurisdiction or for being frivolous, not for failing to state a claim. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000).

**BACKGROUND**

Plaintiff is the Fire Safety Director of the commercial building in which a Queens ACS office is located. Plaintiff alleges that, from October 1, 2019 to October 30, 2019, Defendant Morales-Isley, used an offensive slur of Plaintiff's African name—referring to him as "Yummy" instead of "Yomi"—and subjected him to "cat calls" such as "My Baby, My love and My Sweetheart," despite Plaintiff's protestations. (Amended Complaint, Dkt. 5, at ECF 7.[3]) Plaintiff further alleges that, on January 3, 2020, Morales-Isley attacked him with a stick-like object because he refused her advances, and the police were called. (*Id.* at ECF 9, 17.)

On February 11, 2020, Plaintiff filed a complaint with the New York City Commission on Human Rights, in which he alleged that, since Morales-Isley began working in Queens, "she has sexually harassed me and when I turned down the advances she became very violent and hostile to me." (*Id.* at ECF 18–20.) On February 19, 2020, Plaintiff filed a complaint of discrimination against Morales-Isley with ACS's Office of Equal Employment Opportunity (OEEO), in which he alleged that Morales-Isley violated the Equal Opportunity Policy by "committing an act of race-based discrimination and sexual harassment." (*Id.* at ECF 10.) After he filed the OEEO claim, Morales-Isley's harassment of Plaintiff allegedly continued. (*Id.* at ECF 68.) By letter dated June 28, 2021, the OEEO classified the complaint as "substantiated" and Morales-Isley was referred for possible discipline. (*Id.* at ECF 10, 70–72.) Plaintiff seeks damages for Morales-Isley's sexual harassment and racial discrimination and for ACS's handling of the matter. He seeks damages from the State of New York for its issuance of a peace officer license to Morales-Isley.

---

[3] The Amended Complaint consists of a cover letter, a *pro se* Complaint form, and a number of attached exhibits, some of which have internal pagination. Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system on the filing as a whole and not the document's internal pagination.

**STANDARD OF REVIEW**

A complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys; the court must read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests. *See, e.g.*, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Moreover, even if a plaintiff has paid the filing fee, a district court may dismiss the case, *sua sponte*, if it determines that the action is frivolous. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000). An action is frivolous as a matter of law when, *inter alia*, it is "based on an indisputably meritless legal theory"– that is, when it "lacks an arguable basis in law . . . , or [when] a dispositive defense clearly exists on the face of the complaint." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 473 (2d Cir. 1998). This standard authorizes dismissal when it is "clear" that the defendant is immune from suit. *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999).

**DISCUSSION**

The Court construes the Amended Complaint as arising under the court's federal question jurisdiction pursuant to 42 U.S.C. § 1983 because Plaintiff alleges that his First, Fourth, and Fourteenth Amendment rights were violated by Defendants. (Amended Complaint, Dkt. 5, at ECF 6.) Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that

3

it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3 (1979). To maintain a § 1983 action, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, he must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010); *Farrell v. Burke*, 449 F.3d 470, 484 (2d Cir. 2006) ("It is well-settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.").

Plaintiff alleges that the State of New York is liable for damages because "they gave Sgt. Morales her Peace Officer License." (Amended Complaint, Dkt. 5 at ECF 9.) Plaintiff is barred from obtaining recovery from the State of New York in this court by the Eleventh Amendment to the United States Constitution. "Stated as simply as possible, the Eleventh Amendment means that, as a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogate[d] the state's Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks and citation omitted). "Sovereign immunity does not merely constitute a defense to monetary liability or even to all types of liability. Rather, it provides an immunity from suit." *Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 766 (2002). Plaintiff has asserted no claims under which it could be found that the State has waived sovereign immunity. Accordingly, Plaintiff's claim against the State of New York is foreclosed by absolute immunity and is dismissed. *See Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) ("A complaint will be dismissed as 'frivolous' when

4

'it is clear that the defendants are immune from suit.'") (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).

## CONCLUSION

For the reasons explained in this Memorandum & Order, Plaintiff's complaint is dismissed as against the State of New York and the Clerk of Court is directed to amend the caption accordingly. Plaintiff is directed to serve the summons and amended complaint on each remaining Defendant within ninety (90) days of the date that the amended complaint was filed. *See* Fed. R. Civ. P. 4(m). If Plaintiff fails to serve the remaining Defendants within ninety (90) days, or request an extension to do so, the Court may dismiss this case for failure to prosecute pursuant to Rules 4 and 41 of the Federal Rules of Civil Procedure.

The Clerk of Court is respectfully directed to serve a copy of this order on the Special Federal Litigation Division of the Corporation Counsel and mail a copy of this Order to Plaintiff and note service on the docket. The case is referred to the Honorable Sanket J. Bulsara, U.S.M.J., for pretrial supervision.

Although Plaintiff paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: March 18, 2022
Brooklyn, New York